UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBAS QAISAR (A-Number: 221-390-315),<br><br>               Petitioner,<br><br>    v.<br><br>WARDEN, et al.,<br><br>               Respondents. | No.  2:26-cv-00425-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 18, 19 |

Petitioner Abbas Qaisar is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 23, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition, denying respondents' motion to dismiss, and ordering respondents to provide petitioner with a bond hearing.  Doc. 19.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service.  On May 6, 2026, respondents filed timely objections.  Doc. 20.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, including respondents' objections, the Court concludes that the

1

findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations issued on April 23, 2026, Doc. 19, are ADOPTED in full.

2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3. Respondents' motion to dismiss, Doc. 18, is DENIED.

4. Respondents are ordered to provide petitioner with an individualized bond hearing before an immigration judge within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and at which "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203.  In the event petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider petitioner's financial circumstances and alternative conditions of release.  *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   May 10, 2026

_____
UNITED STATES DISTRICT JUDGE

2